13-1702-cv
*Richmond v. National Grid, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

EDITH RICHMOND,

> *Plaintiff-Appellant*,

> v.                                No. 13-1702-cv

NATIONAL GRID, THE BROOKLYN UNION GAS COMPANY d/b/a NATIONAL GRID NY,

> *Defendant-Appellees*,

US ENERGY SAVINGS d/b/a JUST ENERGY OF NEW YORK,

> *Defendant*.[1]

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

**FOR PLAINTIFF-APPELLANT:**                    ROLAND G. OTTLEY, The Ottley Law Firm,
                                                Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**                     ELISA M. PUGLIESE, Cullen and Dykman,
                                                Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).[2]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Plaintiff-appellant Edith Richmond ("plaintiff") brought this action against defendants US Energy Savings d/b/a Just Energy of New York ("Just Energy") and Brooklyn Union Gas Company d/b/a National Grid NY ("National Grid"). Plaintiff asserted the same six claims against both entities, seeking damages arising from her natural gas supply agreement with Just Energy, which was later transferred to National Grid. On April 19, 2012, National Grid moved to dismiss plaintiff's claims against it pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Rather than moving to dismiss the claims asserted against it, Just Energy answered plaintiff's complaint on June 8, 2012. The District Court granted National Grid's motion in its entirety on March 29, 2013, dismissing all claims against National Grid. *See Richmond v. Nat'l Grid*, No. 12-cv-1319, 2013 WL 1338870 (E.D.N.Y. Mar. 29, 2013). In a text order accompanying the written ruling, the District Court made clear that "this action is dismissed as to defendant National Grid ONLY" and that "[t]his action shall continue as to the remaining defendant." Joint App'x 5. On April 29, 2013, plaintiff filed a notice of appeal as to the District Court's grant of National Grid's motion to dismiss.

As relevant here, our appellate jurisdiction is limited to review of final judgments, *see* 28 U.S.C. § 1291,[3] clarified by Rule 54(b) of the Federal Rules of Civil Procedure.[4] We have explained that Rule 54(b) sets out the requirements for the entry of a partial final judgment in multi-party actions. A final judgment may be entered as to some—but fewer than all—parties "only if the court

---

[2] On April 19, 2013 the case was reassigned to Judge Chen.

[3] 28 U.S.C. § 1291 provides, in relevant part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

[4] Rule 54(b) provides, in full:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Rule makes clear that if the District Court does not both direct entry of judgment and expressly determine that there is no just reason for delay, then its order or decision is not final, whether or not it is labeled a "judgment." *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631-32 (2d Cir. 1995) ("The requirement of an express determination cannot be met if the District Court does not make clear that such determination is for the purpose of certifying a final judgment [under Rule 54(b)].").

In this case, the District Court did not direct the entry of judgment as to National Grid, but merely granted National Grid's motion to dismiss all claims against it. In fact, proceedings in this action have been ongoing against Just Energy since plaintiff filed her notice of appeal. Although the District Court directed the clerk to terminate National Grid on the docket, the order does not mention Rule 54(b), much less provide a certification "accompanied by a reasoned . . . explanation of the basis for the court's determination that there is no just cause for delay," *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 86 (2d Cir. 1998). Such an order does not amount to the express determination required under Rule 54(b). *See HBE Leasing*, 48 F.3d at 631 ("[T]here is simply no evidence that the District Court intended its ruling . . . to constitute a Rule 54(b) certification.").

Accordingly, we must dismiss this appeal for lack of jurisdiction. Should the plaintiff so choose, she may file a motion in the District Court requesting the appropriate certification under Rule 54(b) and, if granted, reinstate her appeal.[5] *Cf. In re Chateaugay Corp.*, 922 F.2d 86, 91-92 (2d Cir. 1990).

## CONCLUSION

For the foregoing reasons, this appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] We in no way intimate that such a certification would necessarily be valid. We have long held that district courts "should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992).