13-1702-cv
Richmond v. National Grid

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-------------------------------------------------------------------

EDITH RICHMOND,

*Plaintiff-Appellant,*

v.                                                      No. 13-1702-cv

NATIONAL GRID, THE BROOKLYN UNION
GAS COMPANY d/b/a NATIONAL GRID NY,

*Defendant-Appellee.*[1]

-------------------------------------------------------------------

[1] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANT:	ROLAND G. OTTLEY, The Ottley Law Firm, P.C., Brooklyn, NY.

FOR APPELLEE:	ELISA M. PUGLIESE, Cullen and Dykman LLP, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).[2]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Edith Richmond ("Richmond") filed suit for damages arising from a natural gas supply agreement initially entered into with US Energy Savings d/b/a Just Energy of New York ("Just Energy") and then transferred to defendant-appellee National Grid, The Brooklyn Union Gas Company d/b/a National Grid NY ("National Grid").

On November 7, 2013, we dismissed the appeal for lack of appellate jurisdiction, holding that the District Court's order was not a "final judgment" because it dismissed Richmond's claims only as to National Grid while proceedings against Just Energy were ongoing. Richmond v. Nat'l Grid, No. 13-1702-CV, 2013 WL 5943437 (2d Cir. Nov. 7, 2013) (summary order). We also granted Richmond permission to reinstate the appeal should the District Court direct entry of a final judgment. Id. at *2. In December 2013 the District Court dismissed with prejudice the claims against Just Energy and closed the case. On January 7, 2014, we reinstated the appeal on the briefs already submitted and the arguments previously made by the parties. We assume the parties' familiarity

---

[2] On April 19, 2013, the case was reassigned to Judge Pamela K. Chen.

with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Richmond alleges that Just Energy unfairly imposed an exit fee when she attempted to cancel the contract, and that after the contract was transferred to National Grid, National Grid attempted to collect the fee without verifying its accuracy or informing Richmond that she could dispute the fee while paying the undisputed portion of the bill. On appeal, Richmond argues that the District Court improperly dismissed her claims against National Grid for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraudulent misrepresentation, unjust enrichment, and deceptive practices in violation of sections 349 and 350 of the New York General Business Law.

Richmond claims that National Grid engaged in a pattern of racketeering activity in violation of the RICO statute, 18 U.S.C. § 1962, by committing mail and wire fraud in its attempts to collect the exit fee. See DeFalco v. Bernas, 244 F.3d 286, 305-06 (2d Cir. 2001) (listing elements of a RICO claim). We conclude that the District Court properly dismissed Richmond's RICO claims because she failed to plead the elements of fraud with particularity and, in any event, failed to allege that National Grid's collection attempts were in furtherance of a fraudulent scheme. See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013).

Richmond also argues that National Grid's alleged failure to respond to her complaints about the exit fee establishes a claim of fraudulent misrepresentation. However, Richmond did not sufficiently allege that National Grid's poor customer service was either "material" or a "false representation," as required for a claim of fraudulent misrepresentation under New York law. See

3

Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19 (2d Cir. 1996).

We also think the District Court was right to dismiss Richmond's claim of unjust enrichment based on the exit fee. Richmond failed to allege that she even paid the exit fee and therefore cannot establish that National Grid benefited from the fee -- an element of a claim for unjust enrichment under New York law. Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000).

Finally, Richmond claims that National Grid's allegedly deceptive practices violated sections 349 and 350 of the New York General Business Law. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." Id. § 350. To establish a claim under these sections, a plaintiff must allege that the defendant's conduct affected consumers generally or the public at large. Maurizio v. Goldsmith, 230 F.3d 518, 521-22 (2d Cir. 2000). Richmond alleges, however, that National Grid acted improperly only with respect to Richmond. Accordingly, Richmond failed to plead a claim under sections 349 and 350. Id. at 521 ("[P]rivate contract disputes, unique to the parties . . . would not fall within the ambit of the statute." (quotation marks omitted)).

4

We have considered Richmond's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court