12-0299-cv
Fink v. Time Warner Cable

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

————————

August Term, 2012

(Argued: October 26, 2012      Decided: May 6, 2013)

Docket No. 12-0299-cv

————————

JESSICA FINK, on behalf of herself and all others similarly situated,
BRETT NOIA, on behalf of himself and all others similarly situated,

*Plaintiffs-Appellants,*

—v.—

TIME WARNER CABLE,

*Defendant-Appellee,*

TIME WARNER, INC.,

*Defendant.*

————————

B e f o r e:

CABRANES, CHIN, and CARNEY, *Circuit Judges.*

The issue raised in this appeal is whether the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*) erred in dismissing the putative class-action complaint of Plaintiffs-Appellants Jessica Fink and Brett Noia pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon review, we conclude that the allegations stated in the putative class-action complaint – which raise claims related to deceptive advertising by Defendant-Appellee Time Warner Cable – lack facial plausibility. Accordingly, we conclude that the District Court did not err in dismissing the complaint.

AFFIRMED.

MICHAEL R. REESE (Belinda L. Williams, *on the brief*), Reese Richman LLP, New York, NY, *and*

Stanford P. Dumain, Joshua E. Keller, Milberg LLP, New York, NY, *for Plaintiffs-Appellants*.

JONATHAN D. THIER (Jason M. Hall, Mark S. Pincus, *on the brief*), Cahill Gordon & Reindel LLP, New York, NY, *for Defendant-Appellee.*

PER CURIAM:

Plaintiffs-Appellants Jessica Fink and Brett Noia ("Plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*) dismissing their Second Amended Class Action Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We conclude that the allegations stated in the Complaint – which raise claims related to deceptive advertising by Defendant-Appellee Time Warner Cable ("Time Warner") – lack facial plausibility sufficient to withstand a motion to dismiss. Accordingly, we affirm the judgment of the District Court.

## BACKGROUND

Plaintiffs challenge the veracity of certain advertisements in which Time Warner allegedly described its Road Runner Internet service ("Road Runner") as providing (1) an "always-on connection" (2) at a "blazing speed" (3) that is "up to 3 times the speed of most standard DSL packages and up to 100x faster than dial-up"

2

and (4) the "fastest, easiest way to get online." Plaintiffs, who sue on behalf of a putative nationwide class consisting of Road Runner subscribers, allege that these advertisements were false and misleading because Time Warner engages in network management techniques that decrease the speed at which Road Runner subscribers access certain high-bandwidth Internet applications. Plaintiffs assert that Time Warner's allegedly deceptive advertisements violate New York General Business Law § 349 and various California consumer protection statutes, and give rise to claims for common law fraud, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.[1]

## DISCUSSION

We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor. Capital Mgmt. Select Fund Ltd. v. Bennett, 680 F.3d 214, 219 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This standard demands "more than a sheer possibility that a defendant has

---

[1] The Complaint also asserts claims arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. The District Court dismissed these claims, and Plaintiffs do not challenge this decision on appeal. Accordingly, we consider these claims waived and do not consider them further. See Ozaltin v. Ozaltin, 708 F.3d 355, 371 (2d Cir. 2013).

acted unlawfully." Id. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011).

To prevail on their consumer fraud claims under New York and California law, Plaintiffs must establish that Time Warner's allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances. See, e.g., Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995); Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 26 (1995). It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer. See Freeman, 68 F.3d at 589; Oswego, 85 N.Y.2d at 26.

At oral argument, we observed that the record did not contain the allegedly deceptive advertisements upon which Plaintiffs base their suit, and, because the precise formulation and context of Time Warner's representations are pivotal to Plaintiffs' claims, we asked Plaintiffs to supplement the record accordingly. Plaintiffs have since submitted a single advertisement which, they assert, "was identified as the source of the misleading statements alleged in paragraph 20 of the Second Amended Complaint." Pls.' Supplemental Submission at 1.

Plaintiffs' submission is perplexing. The advertisement that they offer is dated August 7, 2009 – nine months *after* Plaintiffs filed suit. In addition, the

4

advertisement contains only *one* of the four misstatements alleged in the Complaint. The "always-on," "blazing speed," and "fastest, easiest way to get online" allegations are still missing any source document. Because paragraph 20 of the Second Amended Complaint discusses only one of the misstatements, the assertion Plaintiffs make in their supplemental submission is technically accurate. Yet we are left to wonder where to find the advertisement containing the other three misstatements. The Complaint purports to quote the offending advertisement verbatim; we would not have expected it difficult for Plaintiffs to produce. Plaintiffs' failure to address – much less explain – the gaping hole in their submission is conspicuous.[2]

The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself. And in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial. For example, under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception. See, e.g., Freeman, 68 F.3d at 289-90 (upholding the dismissal of a challenge to a sweepstakes mailer where the mailer explicitly stated that the plaintiff would win only if he had the winning number); Broder v. MBNA Corp., 281 A.D.2d 369, 371 (1st Dep't 2001) ("[T]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed . . . .").

---

[2] In response to our request, Time Warner submitted an advertisement that its counsel printed from the Internet less than a week after receiving the original complaint. The advertisement Time Warner has submitted contains at least three of the misstatements alleged in the Complaint, closely accompanied by multiple disclaimers and explanatory language, including the statement, "[a]ctual speeds may vary." Def.'s Supplemental Submission at Ex. B.

A plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment.  Here, the allegations of the Complaint are materially inconsistent with the sole advertisement Plaintiffs have submitted.  We therefore easily conclude that Plaintiffs' claims lack the facial plausibility necessary to survive a motion to dismiss.[3]  See Iqbal, 556 U.S. at 678; L-7 Designs, 647 F.3d at 430.

In post-argument briefing, Plaintiffs assert that the "Parties' very disagreement as to what documents should be included to supplement the joint appendix underscores that the determination of how a reasonable consumer would interpret and react to marketing and advertising . . . is premature and prejudicial at the motion to dismiss stage of the proceedings, before a factual record has been developed."  Pls.' Supplemental Submission at 4.  We think this puts the cart before the horse.  Plaintiffs brought this lawsuit, and purported to do so based upon the *specific* text of a *specific* advertisement.  They should not need discovery to tell them exactly what that advertisement said.

## CONCLUSION

We have considered Plaintiffs' remaining arguments and find them unpersuasive.  Accordingly, the judgment of the district court is **AFFIRMED.**

---

[3] Further, we note that the one description the proffered advertisement *does* contain – "up to 3 times the speed of most standard DSL packages and up to 100x faster than dial-up"– cannot support the claims asserted here because, as the District Court unassailably concluded, the phrase "up to" would "lead a reasonable consumer to expect that speeds could be less than the advertised '3x faster' and '100x faster' speeds."  Fink v. Time Warner Cable, 837 F. Supp. 2d 279, 283-84 (S.D.N.Y. 2011).  Indeed, Plaintiffs themselves concede that "a promise to provide 'up to' a certain speed is not a guarantee that that speed will be achieved."  Pls.' Reply at 1-2.