15-629-cv
McNaughton v. de Blasio

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
                      <u>Circuit Judges</u>
         JANE A. RESTANI,[1]
                      <u>CIT Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
NEIL MCNAUGHTON,
         <u>Plaintiff-Appellant</u>,

         -v.-                                    15-629-cv

BILL DE BLASIO, MAYOR OF THE CITY OF NEW
YORK, ET AL.,
         <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:               Neil McNaughton, pro se, New York, NY.

---

[1]    Jane A Restani, Judge for the United States Court of International Trade, sitting by designation.

1

**FOR APPELLEES:**               Diana Lawless (Richard Paul
                                 Dearing, on the brief), for
                                 Zachary Carter, Corporation
                                 Counsel of the City of New York,
                                 New York, NY.


     Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

     Neil McNaughton, a lawyer appearing pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Failla, J.) dismissing his claims under 42 U.S.C. §§ 1983 and 1985 for failure to state a claim. In a nutshell, McNaughton alleges that after his sister falsely told two different police departments that he was a pedophile, the police hacked his computer and slandered, stalked, baited, and searched him. McNaughton alleges that this conduct violated his rights under the First, Fourth, and Fourteenth Amendments. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     **1.** We review the grant of a motion to dismiss de novo, accept as true all factual allegations, and draw all reasonable inferences in favor of the plaintiff. Fink v. Time Warner Cable, 714 F.3d 739, 740-41 (2d Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). Although "a court is ordinarily obligated to afford a special solicitude to pro se litigants," such as by liberally construing their pleadings, "a lawyer representing himself ordinarily receives no such solicitude at all." Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010).

     McNaughton's allegations of a conspiracy spanning several years and involving his sister, two separate police departments, dozens of police officers, and numerous underage children are implausible and conclusory. None of his

2

allegations against any of the defendants satisfy the pleading standards of Twombly that McNaughton, as a lawyer, was required to meet. Therefore, we affirm for substantially the reasons stated in the district court's opinion dismissing McNaughton's amended complaint.

Moreover, the district court did not err in considering a document outside the pleadings or in denying McNaughton leave to amend. As to the former, McNaughton incorporated the document by reference in his complaint. See DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010). As to the latter, McNaughton already amended his complaint once and the nature of his implausible allegations confirms that amendment would have been futile. See, e.g., Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Accordingly, and finding no merit in McNaughton's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3