*Lachaab v. State University of New York, (SUNY) Board of Trustees*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                     SUSAN L. CARNEY,
                             *Circuit Judges,*
                     VALERIE E. CAPRONI,
                             *District Judge.*∗

---

MOHAMED LACHAAB,

             *Plaintiff-Appellant,*                              17-2628

             v.

STATE UNIVERSITY OF NEW YORK (SUNY) BOARD OF TRUSTEES,
STATE UNIVERSITY OF NEW YORK, ALBANY (SUNY AT ALBANY),
KRISTINA M. JOHNSON, CHANCELLOR OF SUNY, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, TAMRA MINOR, CHIEF DIVERSITY
OFFICER AND ASSISTANT VICE PRESIDENT FOR DIVERSITY AND
INCLUSION SUNY AT ALBANY, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES,

             *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**                    Mohamed Lachaab, pro se, Albany, NY.

---

∗ Judge Valerie E. Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**     Barbara D. Underwood, Solicitor General, Victor Paladino, Jeffrey W. Lang, Assistant Solicitors General, of Counsel, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Mohamed Lachaab, proceeding pro se, sued the State University of New York ("SUNY") at Albany, the SUNY Board of Trustees, and three university officials, claiming violations of the Equal Protection Clause, Title VI, Title VII, the Age Discrimination in Employment Act of 1967, and Title IX, related to alleged discrimination by professors and others. The District Court dismissed the complaint based on res judicata and for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss, and a district court's application of res judicata, *de novo*. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013) (motion to dismiss); *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (res judicata). "The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Brown Media Corp.*, 854 F.3d at 157 (citation omitted). Res judicata bars an action if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

The District Court properly found that res judicata barred all claims predating April 2015. Although the present complaint raised new theories of liability and named three new defendants, the factual allegations remained the same. Lachaab could have raised the new theories of liability and named the new defendants in his prior complaint. *See id.*; *see also Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992) ("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [the plaintiff] chose to frame [his] complaint.").

The District Court correctly determined that Lachaab's claims pertaining to an April 2015 incident failed to state a claim. "Title VI prohibits a recipient of federal funds from discriminating on the basis of race, color, or national origin." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664

2

(2d Cir. 2012) (citing 42 U.S.C. § 2000d). "Liability only arises if a plaintiff establishes: (1) substantial control, (2) severe and discriminatory harassment, (3) actual knowledge, and (4) deliberate indifference." *Id.* at 665. Lachaab's description of a single incident in which his classmates made disparaging comments against Muslims, although unfortunate, is insufficient to show the "severe and discriminatory harassment" necessary for Title VI liability. *Cf. id.* at 666-67; *DiStiso v. Cook*, 691 F.3d 226, 243 (2d Cir. 2012).

## CONCLUSION

We have considered Lachaab's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3