17-3211-cv
*Von Maack v. Wyckoff Heights Med. Ctr.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                   BARRINGTON D. PARKER,
                               *Circuit Judges.*
                   KIYO MATSUMOTO,
                               *District Judge.*[*]

---

DOROTA VON MAACK,

       *Plaintiff-Appellant,*                                            17-3211-cv

       v.

WYCKOFF HEIGHTS MEDICAL CENTER

       *Defendant-Appellee.*

---

[*] Judge Kiyo Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**

Dorota Von Maack, *pro se*, Ridgewood, NY.

**FOR DEFENDANT-APPELLEE:**

Damon W. Suden, Barbara E Hoey, Kelley Drye & Warren LLP, New York, NY.

Appeal from the September 11, 2017 judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and hereby is, **AFFIRMED**.

Plaintiff-Appellant Dorota Von Maack ("Von Maack"), proceeding *pro se*, brought this action against Wyckoff Heights Medical Center, raising claims under state and federal law, and seeking to vacate an arbitration award. The District Court dismissed the initial complaint and motion to vacate, and then later dismissed the amended complaint as well. The District Court reasoned that the majority of Von Maack's federal claims were time-barred and did not merit equitable tolling, and that her remaining claims failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Von Maack now appeals, arguing that the District Court applied the wrong legal standard, failed to liberally construe the facts she alleged, and that, in ruling against her, the District judge participated in a conspiracy to deprive her of civil rights. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss *de novo,* accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). A district court's decision upholding or vacating an arbitration award is reviewed "*de novo* on questions of law and for clearly erroneous findings of fact." *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 31 (2d Cir. 1997).

We conclude that the District Court properly denied the motion to vacate and dismissed the complaint and amended complaint. We affirm for substantially the same reasons given by the District Court in its June 21, 2016, and September 11, 2017, opinions and orders.[1]

---

[1] Von Maack contends for the first time on appeal that the District judge was biased and joined in a conspiracy to violate her civil rights in violation of 42 U.S.C. §§ 1983 and 1985 by ruling

**CONCLUSION**

We have reviewed all of the arguments raised by Von Maack on appeal and find them to be without merit. The September 11, 2017 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

against her. Von Maack bases these allegations solely on the judge's ethnic identity and the District Court's dismissal of her claims. Because these claims are raised for the first time on appeal, they will not be considered. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").