19-1016-cv
*Merced v. Ponte, et al*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.


        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


NAKKIA MERCED,

                    *Plaintiff-Appellant,*


            -v-                                 19-1016-cv


JOSEPH PONTE, Individually and as
Commissioner, CYNTHIA BRANN, Acting
Commissioner, NEW YORK CITY DEPARTMENT
OF CORRECTION, NEW YORK CITY CIVIL
SERVICE COMMISSION, CHARLES D. MCFAUL,
Individually and as Commissioner, NANCY G.
CHAFFETZ, Individually and as Commissioner
Chair, RUDY WASHINGTON, Individually and
as Commissioner, NEW YORK CITY OFFICE OF
ADMINISTRATIVE TRIALS AND HEARINGS,

JOHN B. SPOONER, Individually and as
Administrative Law Judge, NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES, CITY OF NEW YORK,

                    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     Nakkia Merced, *pro se*, New York, New York.

FOR DEFENDANTS-APPELLEES:     Diana Lawless, Assistant Corporation Counsel
                              (Fay Ng, Assistant Corporation Counsel, *on the
                              brief*), *for* James E. Johnson, Corporation
                              Counsel of the City of New York, New York,
                              New York.

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Nakkia Merced, *pro se*, sued defendants-appellees City

of New York and various City agencies and officials ("defendants") under 42 U.S.C.

§ 1983 for alleged violations of the Fourteenth Amendment of the United States

Constitution, New York Civil Service Law ("CSL") §§ 75 and 76, and New York Civil

Rights Law ("CRL") § 50-a.  Merced alleged that she was unlawfully terminated from

her position as a tenured Correction Officer without due process because:

Administrative Law Judge John B. Spooner was not properly designated to conduct her

pre-termination hearing under CSL § 75; Department of Corrections Commissioner

2

Joseph Ponte unlawfully relied on Spooner's Report & Recommendation in terminating her; the New York City Office of Administrative Trials and Hearings posted her disciplinary record online, which violated CRL § 50-a; the New York City Civil Service Commission failed to review the transcript of her pre-termination hearing on appeal, which violated CSL § 76; and New York City conspired to deprive tenured public employees of their employment without due process. The district court granted defendants' motion to dismiss Merced's amended complaint holding, *inter alia*, that her claims were barred by res judicata because she litigated all but one of the claims that she raised in district court (CRL § 50-a) in her appeal to the New York City Civil Service Commission and in her N.Y. C.P.L.R. § 7801 proceeding ("Article 78 proceeding") in state court, and she could have raised that claim in her Article 78 petition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint for failure to state a claim, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor," *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009). We also review *de novo* the district court's application of res judicata. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010). *Pro se* litigants are entitled to "special solicitude," and their complaints are interpreted "to raise the strongest claims [they] suggest." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

Upon *de novo* review, we conclude that the district court did not err in granting defendants' motion to dismiss on the basis of res judicata because both the Civil Service Commission appeal and Article 78 proceeding were adjudications on the merits, and the claims asserted below were, or could have been, raised in the prior state court actions. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000); *Taylor v. N.Y.C. Transit Auth.*, 433 F.2d 665, 668 (2d Cir. 1970) (affirming district court decision holding that res judicata prevented consideration of claims that could have been raised in Article 78 proceeding). We therefore affirm the judgment on res judicata grounds for substantially the reasons set forth by the district court in its thorough and well-reasoned March 13, 2019 Memorandum Opinion and Order.

\* \* \*

4

We have considered Merced's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court