*Morgan v. County of Warren*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-two.

Present:
>PIERRE N. LEVAL,
>DENNY CHIN,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

ILANA MORGAN,

>>*Plaintiff-Appellant,*

>v.                                                      22-345

THE COUNTY OF WARREN, MARY ELIZABETH KISSANE, Individually and as Warren County Attorney, KEVIN GERAGHTY, Individually and as a Member of the Warren County Board of Supervisors,

>>*Defendants-Appellees,*

_____

For Plaintiff-Appellant:            KEVIN A. LUIBRAND, Luibrand Law Firm, Latham, NY.

For Defendants-Appellees:            EARL T. REDDING, Roemer Wallens Gold & Mineaux LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of

New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ilana Morgan ("Morgan") appeals from the January 21, 2022 opinion and order of the district court dismissing her Complaint against Defendants-Appellees the County of Warren, Mary Elizabeth Kissane ("Kissane"), and Kevin Geraghty ("Geraghty") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Morgan v. County of Warren*, 1:21-CV-0278 (LEK/DJS), 2022 WL 195065 (N.D.N.Y. Jan. 21, 2022). In her Complaint, Morgan alleges that she served in the Warren County Attorney's Office as a paralegal in a permanent civil service position, *see* N.Y. Civ. Serv. Law § 75(1)(a), and that, on December 21, 2018, Kissane initiated workplace disciplinary charges against Morgan based on false allegations relayed to her by Geraghty. Morgan alleges that Geraghty either knew the allegations were false or acted with reckless disregard for the truthfulness of his allegations, and that Kissane acted with reckless disregard of the truthfulness of Geraghty's assertions. In connection with a disciplinary hearing held in January of 2019, Kissane appointed a hearing officer, gave testimony at the hearing, and, on March 26, 2019, adopted the hearing officer's recommendation to find Morgan guilty of eight of the nine disciplinary charges that Kissane had levied. That same day, Kissane terminated Morgan's civil service position for cause.

On June 20, 2019, Morgan commenced an Article 78 proceeding challenging Kissane's termination decision. On February 18, 2021, the Article 78 proceeding was decided in Morgan's favor, and the matter was remanded to the Warren County Attorney's office. *See Morgan v. Warren County*, 191 A.D.3d 1129 (3d Dep't 2021). Morgan filed the Complaint in this action on March 10, 2021, asserting, primarily, claims pursuant to 42 U.S.C. § 1983 for violations of her

constitutional right to due process in connection with the disciplinary charges. Appellees moved to dismiss Morgan's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court granted their motion. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　　\*　　　\*

"We review a district court's grant of a motion to dismiss *de novo*, 'accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013)). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

"To successfully state a due process violation, a plaintiff must point to a deprivation of 'life, liberty, or property.'" *Doolen v. Wormuth*, 5 F.4th 125, 134 (2d Cir. 2021) (quoting U.S. Const. amend. V.). Public employees who can be fired only for cause, like Morgan, have a property interest in their continued employment, and they are entitled to due process when they are deprived of that interest. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39 (1985). "When such a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001). The requirements for any such pre-termination hearing are "minimal." *Id.* at 173; *see*

*also id.* at 174 (pre-termination hearing requires only "notice of the charges, an explanation of the nature of the employer's evidence, and an opportunity for the employee to respond," and does not need to be conducted by a neutral adjudicator). With respect to the requisite post-termination hearing, this Court has held that the availability in New York of an Article 78 proceeding satisfies the requirements of due process. *See Rivera-Powell v. New York City Bd. Of Elections*, 470 F.3d 458, 466–67 (2d Cir. 2006) (collecting cases); *Locurto*, 264 F.3d at 175 (holding, in the context of a § 1983 suit challenging the dismissal of a tenured public employee, that "[a]n Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes"); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). Morgan argues that her Article 78 proceeding does not amount to sufficient process because Kissane's actions in the hearing "were not 'random and unauthorized.'" Appellant's Br. 19. However, we have previously held that it is "immaterial" whether we "classify" state action as "random and unauthorized" or not, because the ultimate question is still "what process was due." *Rivera-Powell*, 470 F.3d at 466. Morgan nowhere argues why the Article 78 proceeding did not provide her with sufficient process to meet constitutional due process guarantees.

Morgan also argues that she successfully stated a substantive due process violation because she pleaded that Appellees engaged in "arbitrary and outrageous conduct." Appellant's Br. 14 (citing *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005)). "[W]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process." *Kia P. v. McIntyre*, 235 F.3d 749, 757–58 (2d Cir. 2000) (citation and internal quotation marks omitted). Following this rule, the case on which Morgan relies rejected a like

4

substantive due process claim, reasoning that "[w]hat [wa]s allegedly shocking about what defendants[] did" was to "deprive" the plaintiff of a protected interest "without procedural due process." *Velez*, 401 F.3d at 94. Morgan offers no reason for us to depart from this holding.

\* \* \*

We have considered Morgan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
