23-1063-cv
*Algarin v. NYC Health & Hosps. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-four.

Present:
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

———————————————————————

NELSON ALGARIN,

> *Plaintiff-Appellant*,

v.                                                                           23-1063

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,

> *Defendant-Appellee*,

———————————————————————

For Plaintiff-Appellant:                    MICHAEL ALAN YODER, Yoder LaVeglia
                                            LLP, Washington, DC

For Defendant-Appellee:                     AMY MCCAMPHILL (Richard Dearing,
                                            Devin Slack, *on the brief*), of Counsel, *for*

Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Nelson Algarin appeals from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *District Judge*), entered on June 23, 2023, granting Defendant-Appellee NYC Health and Hospitals Corporation's ("NYC Health and Hospitals") motion to dismiss Algarin's complaint. Algarin sued NYC Health and Hospitals after it fired him for failing to comply with its then-policy that mandated hospital employees be vaccinated against COVID-19, despite his religious objections. Algarin claimed that, among other things, NYC Health and Hospitals violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., by discriminating against him based on religion. The district court dismissed the action for failure to state a claim. We assume the parties' familiarity with the case.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).[1] It is well-established that "[a]rguments not raised on appeal are deemed abandoned and need not be reviewed by this Court." *Chevron*

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

*Corp. v. Donziger*, 990 F.3d 191, 203 (2d Cir. 2021). On appeal, Algarin addresses only his Title VII claim. Thus, we deem him to have abandoned any appeal with respect to the other claims he brought in the district court.

With regard to his Title VII claim, the arguments that Algarin now makes on appeal were not presented to the district court. These contentions are therefore unpreserved for review. Generally, "[a]rguments raised for the first time on appeal are deemed waived." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011). This Court has discretion to consider arguments not raised below "to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005). But the circumstances here do not warrant such an exercise of discretion. In the district court, Algarin was required to "offer *some* argument or development of [his] theor[ies]." *United States v. Griffiths*, 47 F.3d 74, 77 (2d Cir. 1995). Because Algarin failed to do so, we decline to consider his newly raised arguments.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3