*McCluskey v. Nunziata*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-four.

PRESENT:
> **DENNY CHIN,**
> **BETH ROBINSON,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

Peter McCluskey,

> *Plaintiff-Appellant,*

v.                                                        24-381

Jose Lopez, as Commissioner of Nassau County of Social Services in his Official Capacity, Bruce

**Blakeman, as Executive of Nassau County in his Official Capacity,[1]**

*Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Peter McCluskey, *pro se*, Lynbrook, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Robert F. Van der Waag, Deputy County Attorney, Of Counsel, Kyle Kessler, Law Student Intern, *for* Hon. Thomas A. Adams, Nassau County Attorney, Mineola, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *Judge*; Lindsay, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** to the district court for proceedings consistent with this order.

Plaintiff Peter McCluskey requested that the Nassau County Department of Social Services ("DSS") increase his benefits under the Supplemental

---

[1] The Clerk of the Court is respectfully directed to amend the caption as set forth above, pursuant to Federal Rule of Appellate Procedure 43(c)(2). Appellant McCluskey's motion to amend the caption is therefore **GRANTED** in relevant part to substitute the current officeholders. His motion is otherwise **DENIED**.

Nutrition Assistance Program ("SNAP") in 2012, 2017, 2019, 2021, 2022, and 2023—each time with no success. Over the years, McCluskey, representing himself, has filed claims in federal court with respect to every one of those denials, consistently alleging that under 42 U.S.C. § 1983 various state and local officials denied McCluskey rights guaranteed to him by federal law.

This case concerns McCluskey's most recent complaint and proposed amended complaints, primarily concerning DSS's refusals in 2021, 2022, and 2023 to increase McCluskey's SNAP benefits because of his anticipated medical expenses that McCluskey contends should be deducted from his income when calculating his monthly food stamp allowance. More specifically, McCluskey has submitted Medicare Summary Notices (also known as Explanations of Benefits or EOBs) to DSS as evidence of future medical costs in each application since at least 2019. He describes that these Notices state the total medical expense amounts that he "may be billed" for during the certification period. McCluskey's complaint alleges that DSS refused to accept the EOBs as evidence of anticipated medical expenses pursuant to an official municipal policy, and

3

that its persistent refusal to accept his EOBs violates his Due Process rights, the Food Stamp Act ("FSA"), and a class settlement agreement with DSS from 2011.

Reasoning that many of McCluskey's claims were barred by the preclusive effect of his earlier cases, that McCluskey had not alleged a constitutional violation, and that McCluskey had not alleged that a DSS policy or custom deprived him of federal rights, the district court dismissed McCluskey's complaint for failure to state a claim and denied as futile McCluskey's request for leave to amend his complaint. *McCluskey v. Nunziata*, No. 21-cv-4483, 2023 WL 9425408, at *1 (E.D.N.Y. Dec. 14, 2023) (recommending dismissal and denial of second motion for leave to amend), *R. & R. adopted*, 2024 WL 328868 (E.D.N.Y. Jan. 29, 2024); *see also McCluskey v. Nunziata*, No. 21-cv-4483, 2022 WL 18281744, at *1 (E.D.N.Y. Dec. 1, 2022) (recommending denial of first motion for leave to amend), *R. & R. adopted*, 2023 WL 184935 (E.D.N.Y. Jan. 13, 2023). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review the grant of a motion to dismiss without deference to the district court, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and with reasonable inferences drawn in the plaintiff's favor, to state a plausible claim for relief. *Id.* at 741. Because McCluskey is a non-lawyer representing himself, we interpret his papers to raise the strongest arguments they suggest. *See Sharikov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

We generally review denials of leave to amend for abuse of discretion, *Anderson News, LLC. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), but review a denial without deference to the district court when it was based on a legal conclusion, *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023).

The district court dismissed McCluskey's § 1983 claims in their entirety for failure to state a claim and denied him leave to amend his complaint on the basis that amendment would be futile. We understand McCluskey's

complaint and proposed amended complaints to allege § 1983 claims that stem

from violations of (1) the Due Process Clause of the Fourteenth Amendment

and (2) various provisions of the FSA.[2] We consider each in turn.

## I.    Due Process

McCluskey argues that the district court erred when it dismissed his

procedural due process claims on the basis that New York's Article 78

procedure provided McCluskey with an adequate post-deprivation remedy to

contest the denial of SNAP benefits.    He argues that a "pre-deprivation

remedy" is required in this case.    Appellant's Br. 9.

To prevail on a procedural due process claim, McCluskey must show:

(1) that he was deprived of a cognizable interest in life, liberty, or property;

(2) without receiving constitutionally sufficient process.    *See Proctor v. LeClaire*,

846 F.3d 597, 608 (2d Cir. 2017).    DSS does not argue on appeal that McCluskey

---

[2]    McCluskey at times alleges that DSS deprived him of rights he enjoys under a class-action settlement agreement between all food stamp recipients in Nassau County (including McCluskey) and the DSS in *Dowdell v. Imhof*, No. 10-cv-1332 (E.D.N.Y.).    The court-ordered settlement agreement in *Dowdell* was discharged in 2016, when the district court determined pursuant to a stipulation between the parties that DSS had satisfied its obligations under that settlement.    *See Dowdell*, No. 10-cv-1332 (E.D.N.Y. Jun. 20, 2016), Dkt. No. 125.    Accordingly, McCluskey has no viable federal claims arising from it.

6

lacks a property interest in his SNAP benefits.   At issue is whether he received sufficient due process when DSS declined to increase his benefits.

Sufficient process "is a flexible concept that varies with the particular situation," considering factors that include the private interest affected, the risk of a wrongful deprivation of such interest under the procedures used, the probable value of additional or substitute procedural safeguards, and the burdens to the government that additional procedural protections might entail. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).   Under some circumstances, the Supreme Court has said it is possible that "a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Id.* at 128.

McCluskey has had constitutional due process here.   He does not contest that judicial proceedings have always been available to him.   Nor does he specify why a post-deprivation remedy like litigation is insufficient to protect his interest in SNAP benefits that he has applied for, but never been

7

given.  *Cf. Goldberg v. Kelly*, 397 U.S. 254, 264 (1970) (hearing required before termination of existing welfare benefits).

We reject McCluskey's view that a different result is compelled by our decision in *Hellenic American Neighborhood Action Committee v. City of New York*, 101 F.3d 877 (2d Cir. 1996).   In that case we said, "When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of post deprivation procedures will not, ipso facto, satisfy due process."[3]   *Hellenic American Neighborhood Action Committee*, 101 F.3d at 880.   But we did not hold that post-deprivation remedies can never satisfy the requirements of due process when an established state procedure is involved.   *Id.*   McCluskey's constitutional due process claims therefore fail. To the extent McCluskey asserts a *Monell* claim based on his due process claims, the *Monell* claim is dismissed as well, as no *Monell* claim lies here where Plaintiffs have not sufficiently alleged a constitutional violation.   *Segal v. City*

---

[3]  "Ipso facto" means "by the fact itself."   BLACK'S LAW DICTIONARY, *ipso facto* (12th ed. 2024).

*of New York*, 459 F.3d 207, 219 (2d Cir. 2006); *see also Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

## II. Statutory Claims under the Food Stamp Act

McCluskey seeks damages and injunctive relief under § 1983 because he alleges that DSS deprived him of SNAP benefits to which he was entitled by federal law.   Reading McCluskey's pleadings liberally, we understand him to allege that DSS violated the requirements of the FSA in two ways: (1) by failing to make determinations on McCluskey's applications within 30 days, or to provide him with a "clear written statement" explaining what he had to do to obtain verification, all in violation of 7 U.S.C. § 2020(e)(3); and (2) by rejecting McCluskey's certification of anticipated medical expenses in violation of § 2014(e)(5)(B)(ii)(I)–(II).

### a. *Violations of § 2020(e)(3)*

McCluskey alleges that the DSS had a custom and policy of failing to respond to his application for SNAP benefits within thirty days and failing to provide him with "a clear written statement as to what he must do to obtain

verification." Amended Complaint, No. 21-cv-4483 (E.D.N.Y. Oct. 19. 2021), Dkt. 14 ("Am. Compl.") at 9.

Under the FSA, the agency administering the SNAP benefits must "promptly determine the eligibility of each applicant household . . . not later than thirty days following its filing of an application, and . . . shall provide each applicant household, at the time of application, a clear written statement explaining what acts the household must perform to cooperate in obtaining verification and otherwise completing the application process." 7 U.S.C. § 2020(e)(3).

This Court has concluded that the time limits in 7 U.S.C. § 2020(e)(3) are privately enforceable under § 1983. *Briggs v. Bremby*, 792 F.3d 239 (2d Cir. 2015). In *Briggs*, a class of SNAP applicants in Connecticut sought a preliminary injunction requiring the Connecticut Department of Social Services to act on the class members' SNAP applications within 30 days as required by 7 U.S.C. § 2020(e)(3). *Id.* at 241. Applying the framework set forth by the Supreme Court in *Blessing v. Freestone*, 520 U.S. 329 (1997), and its progeny, we held that "the time limits for allocating food stamps provided in 7 U.S.C.

10

§ 2020(e)(3) and (9) are privately enforceable through lawsuits brought under § 1983." *Id.* at 245–46. Accordingly, the case is remanded for the district court to assess McCluskey's claims under § 2020(e)(3).

### b. *Refusal to Consider Anticipated Medical Expenses*

The heart of McCluskey's claims, and the subject of the greatest focus in the briefing, is his claim that DSS violated his federal statutory rights by rejecting McCluskey's certification of anticipated medical expenses in violation of § 2014(e)(5)(B)(ii)(I)–(II). The district court did not address these claims because it concluded they were barred by claim preclusion and issue preclusion. We agree only in part.

### i. Claim Preclusion

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quotation marks omitted). "To prove the affirmative defense of *res judicata*, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action

11

involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (quotation marks omitted and alterations adopted). Whether a claim could have been raised depends on whether the later litigation arises from the same "transaction or occurrence" as the earlier litigation. *See id.*

McCluskey brought unsuccessful lawsuits in 2012 and 2017 challenging DSS's denials of his applications to increase his SNAP benefits. Both cases were litigated to a final adjudication on the merits and involved McCluskey as the plaintiff and DSS officials as defendants. The district court thus correctly concluded that claim preclusion bars McCluskey's claims arising out of the same transactions or occurrences—namely DSS's response to his 2012 and 2017 SNAP applications. *See McCluskey v. Commissioner of Nassau County Department of Social Services*, No. 12-cv-3852, 2013 WL 4780954 (E.D.N.Y. Sept. 5, 2015) (adjudicating denial of January 2012 SNAP application); *McCluskey v. Imhof*, No. 17-cv-5873, 2018 WL 4521207, at *3 (E.D.N.Y. Sept. 21, 2018) (adjudicating denial of May 2017 SNAP application).

12

On appeal, McCluskey points to several ways that his legal and evidentiary theories in this case are different from his theories in his past cases. But new legal theories do not overcome application of claim preclusion. *See Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110–11 (2d Cir. 2000) (rejecting a second lawsuit as claim precluded because "the facts essential to the second [suit] were already present in the first" even though it was "based on different legal theories"). So claim preclusion disposes of any claims arising from McCluskey's 2012 and 2017 applications, but not his 2019, 2021, 2022, and 2023 applications, as the claims based on the latter applications were not explicitly decided below. We consider whether any of those claims are barred by issue preclusion.

### ii. Issue Preclusion

The district court concluded that this Court's summary order in *McCluskey v. Spitzberg*, No. 20-4015, 2021 WL 3823672, at *1 (2d Cir. Aug. 27, 2021), precludes McCluskey's contention that DSS had a custom or practice that violates federal law. The district court reasoned that "[s]ince the Second Circuit has determined that the DSS policy with regard to documentation

13

required for medical expenses is consistent with federal rules," McCluskey cannot allege that this policy "presented any actionable" violation of federal law. 2023 WL 9425408, at *8. We conclude that the district court misconstrued the scope of our holding in *Spitzberg* and thus erred in concluding that McCluskey's claims are precluded by that decision.

In this action, McCluskey has alleged that DSS has a policy of refusing to consider Medicare EOBs to certify reasonably anticipated future medical expenses under the SNAP medical expense deduction, citing a declaration by DSS SNAP Director Karen Welkis. Proposed Third Amended Complaint ¶ 20, No. 21-cv-4483 (E.D.N.Y. July 5, 2024), Dkt. No. 67-2 ("In order for medical deductions to be included in the calculation of SNAP benefits, they must be verified by actual bills, paid or incurred, for medical services performed."); Decl. of K. Welkis ¶ 2, No. 21-cv-4483 (E.D.N.Y. July 19, 2022), Dkt. No. 37-1 (same).[4]

---

[4] McCluskey also contends that various oral statements DSS made at state administrative hearings in 2012, 2017, and 2019 establish the existence of the same policy.

14

McCluskey now argues that the DSS policy described in Welkis's declaration—that only bills for past medical services can be evidence of reasonably anticipated expenses—is in open conflict with the FSA's requirement that state agencies must "rely on reasonable estimates of the expected medical expenses" of a SNAP applicant, taking into account changes in expenses that "can be reasonably anticipated based on available information about the medical condition of the [applicant], public or private medical insurance coverage, and the current verified medical expenses incurred by the member."   7 U.S.C. § 2014(e)(5)(B)(ii)(II).

Our decision in *Spitzberg* did not evaluate the DSS policy described in the Welkis Declaration.   Rather, in *Spitzberg*, we reviewed *regulations* promulgated by the New York Office of Temporary and Disability Assistance ("OTDA") and concluded that *those* policies complied with federal law because they were identical to the FSA.   2021 WL 3826372, at *2 (comparing 18 N.Y.C.R.R. § 387.15(a)(4) with 7 U.S.C. § 2014(e)(5)(B)(ii)).   And we observed that the state regulations were silent on the granular details of *how* to calculate anticipated medical expenses, which did not violate federal law because nothing in the

15

state regulations precluded applicants from presenting evidence of anticipated medical expenses with their SNAP paperwork.  *Id.*

The DSS policy before us now is different.   It is not silent on the method of calculating reasonably anticipated medical expenses.   Rather, according to the Welkis Declaration, the DSS in Nassau County refuses to accept Medicare EOBs as evidence of reasonably anticipated medical expenses as a matter of official policy and will accept only medical bills for past care.   McCluskey alleges *that* policy violates the FSA's instruction that states "shall rely on reasonable estimates" of "expected medical expenses" for future care when determining medical expense deductions for SNAP.   7 U.S.C. § 2014(e)(5)(B)(ii)(II).   It was error to conclude that just because we ruled that the *state* regulations comply with the FSA, the *Nassau County DSS's* alleged official policies, which are distinct from the State's policy, do too.

Because the district court relied improperly on *Spitzberg* to dismiss McCluskey's case, it did not assess whether McCluskey has plausibly alleged that DSS has a policy or custom that violates federal law, as required to hold the county liable.   *See Monell*, 436 U.S. at 690–91; *Reynolds v. Giuliani*, 506 F.3d

16

183, 192 (2d Cir. 2007) ("[A] pattern, if sufficiently persistent or widespread as to acquire the force of law, may constitute a policy or custom within the meaning of *Monell*."). We leave to the district court on remand to assess whether McCluskey has plausibly alleged a municipal policy or custom that violates his federal statutory rights.

We note that our conclusion applies with equal force to McCluskey's § 2014(e)(5)(B)(ii)(II) claim based on DSS's response to his 2019 application. "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 642 (2d Cir. 2021) (quotation marks omitted). As set forth above, in 2019 McCluskey sued the New York *state* OTDA challenging its regulations. DSS was not a party to that case, and *Spitzberg* did not address the legality of DSS's policy.

The issue of whether DSS violated federal law by rejecting McCluskey's 2019 SNAP application has never been adjudicated on the merits. After we

17

affirmed the district court's denial of a preliminary injunction in *Spitzberg*, the district court went on to dismiss McCluskey's claims primarily on the bases that the OTDA regulators named as defendants in that lawsuit had no personal involvement in DSS's decision to reject McCluskey's 2019 SNAP application, and that, in their official capacities, they were entitled to immunity under the 11th Amendment. *See* Slip. Op. at 19–22, *McCluskey v. Spitzberg*, No. 19-cv-7060 (E.D.N.Y. Mar. 29, 2022), Dkt. No. 36.

## III.    Amendment

The district court concluded that any amendments—either to add claims or to add defendants—would be futile because McCluskey's allegations under § 1983 were deficient.   Because we conclude that the district court's underlying assessment of McCluskey's proposed additional § 1983 claims was erroneous, we likewise conclude that denial of leave to amend as futile was erroneous.

McCluskey contends that in addition to allowing him to amend his complaint to include additional allegations regarding DSS's denials, the district court should have permitted him leave to amend his complaint to add Karen

18

Welkis as a defendant. "[P]ersonal involvement of [individual] defendants . . . is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quotation marks omitted). The Welkis Declaration reflects Karen Welkis's personal involvement in denying increased SNAP benefits to McCluskey. Accordingly, amendment to add her as a defendant would not be futile.

However, we reject McCluskey's motion to add Welkis as a defendant *in this appeal*. A motion to amend the caption on appeal is not the proper vehicle to add a defendant to a civil action; we deny McCluskey's motion to the extent he asks us to do so.

\* \* \*

In sum, the district court was correct to dismiss McCluskey's claims arising out of his 2012 and 2017 SNAP applications, as well as McCluskey's claims based on constitutional due process or the *Dowdell* settlement. But the district court erred when it dismissed McCluskey's § 1983 claims arising from his 2019, 2021, 2022, and 2023 applications based on alleged DSS policies that

19

violate the FSA, and when it denied his motion for leave to amend his complaint.

Accordingly, we **AFFIRM** the judgment of the district court in part, we **VACATE** the judgment of the district court in part, and we **REMAND** this case for proceedings consistent with this summary order.[5]

We further **GRANT** McCluskey's motion to amend the caption in part, and we **DENY** the motion in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Because we expect the parties to raise arguments on remand that might be challenging for a litigant without legal training representing himself, we note that McCluskey may request the appointment of pro bono counsel, although the decision whether to appoint such counsel is within the discretion of the district court.