Cynthia MAURIZIO, Plaintiff–Appellant,

v.

Olivia GOLDSMITH, aka Justine Rendal, aka Randi J. Goldfield, Defendant–Appellee.

No. 2330, Docket 00–7223.

United States Court of Appeals, Second Circuit.

Argued: Sept. 27, 2000

Decided: Nov. 1, 2000

Robert C. Osterberg, New York, N.Y. (Abelman, Frayne & Schwab on the brief), for Plaintiff–Appellant.

Howard J. Schwartz, Morristown, NJ (Porzio, Bromberg & Newan on the brief), for Defendant–Appellee.

Before: JACOBS, STRAUB, SACK, Circuit Judges.

PER CURIAM:

This interlocutory appeal arises out of claims by Cynthia Maurizio that she wrote or collaborated on the book outline and two draft chapters of the successful novel *The First Wives' Club.* Maurizio sues defendant Olivia Goldsmith, who submitted the book outline and the complete book for publication, who is recognized as its author, and who has not given Maurizio the credit or the share of royalties and film production rights to which Maurizio claims she is entitled. The eight claims for relief in Maurizio's complaint rest on two alternative and mutually exclusive theories: that Maurizio is joint author, and that Goldsmith has infringed on Maurizio's copyright.

Maurizio appeals from a judgment entered in the United States District Court for the Southern District of New York (McKenna, J.) dismissing three of her eight claims. The district court dismissed (i) her joint authorship claim on the ground that it is barred by the Copyright Act's three-year statute of limitations, and (ii) her two New York consumer protection law claims on the grounds that New York General Business Law Sections 349 and 350 do not regulate Goldsmith's conduct vis-à-vis Maurizio. Judge McKenna entered judgment as to these three claims and made the requisite certification under Fed.R.Civ.P. 54(b). Maurizio argues (i) that the three-year statute of limitations was tolled during the pendency of a contract action, arising from the same transactions, which Maurizio had brought against Goldsmith in state court, and (ii) the district court erred in its interpretation of New York's General Business Law. We affirm.

Maurizio's first litigation against Goldsmith was filed in New York State Supreme Court in 1991, alleging breach of contract, fraudulent inducement, conversion and unjust enrichment, and demanding an accounting of profits. On June 21, 1994, the state court dismissed Maurizio's complaint on the ground that it was preempted by the Federal Copyright Act, 17 U.S.C. § 101, et seq. On December 14, 1995, the Appellate Division, First Department, affirmed on the same ground.

In June 1996, Maurizio filed this second litigation, in federal district court, asserting eight claims for relief, of which the claims numbered two, six and seven are at issue on this appeal: (1) copyright infringement; (2) a declaration of joint authorship and an accounting; (3) violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) wrongful misappropriation of novel and original literary ideas; (5) common law unfair competition; (6) violation of N.Y. Gen. Bus. Law § 349; (7) violation of N.Y. Gen. Bus. Law § 350;

and (8) the imposition of a constructive trust.

The district court decided Goldsmith's motion for summary judgment as follows:

As to the first claim for relief, the court granted Goldsmith's motion for summary judgment insofar as the alleged acts of infringement occurred more than three years before the filing of the complaint, and denied the motion insofar as the claim alleged more recent acts of infringement;

As to the second claim of joint authorship, the court ruled that it accrued when Maurizio became aware on January 23, 1991—more than five years prior to the filing of this action—that the movie rights to *First Wives Club* had been sold; that the claim was therefore barred by the Copyright Act's three-year statute of limitations; that there is no ground for equitable tolling; and that the claim was not preserved by the New York Savings Statute, N.Y. C.P.L.R. 205;

As to claims six and seven, the court held that N.Y. Gen. Bus. Law §§ 349 and 350 are consumer protection provisions that are not implicated by private transactions such as the one in this case, unless such private transactions are of a recurring nature.

As to claims three, four, five and eight, the court denied summary judgment, and these claims are thus preserved for trial or other disposition.

The district court entered a final judgment as to claims two, six and seven pursuant to Fed.R.Civ.P. 54(b), which authorizes certification of an interlocutory appeal where there is no just cause for delay. Because we find that the district court did not abuse its discretion in certifying these claims, we have jurisdiction to address the merits of Maurizio's appeal.

### A. Joint Authorship Claim

■ The issue on appeal pertaining to Maurizio's claim of joint authorship is whether the Copyright Act's statute of limitations is tolled by the federal equitable tolling doctrine.[1] A district court's decision whether to equitably toll a statute of limitations should not be disturbed absent abuse of discretion. *See Kregos v. Associated Press*, 3 F.3d 656, 661 (2d Cir.1993). We conclude that the district court did not abuse its discretion and therefore claim two was properly dismissed.

■ Maurizio relies on the line of cases that apply the doctrine of equitable tolling to save claims that were filed timely but in the wrong forum. *See, e.g., Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 655 (2d Cir.1998); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996). Thus Maurizio contends that she erroneously filed her Copyright Act claims in state court, and that the statute of limitations should therefore be tolled for the period consumed by that litigation, an adjustment that if valid would save her claim of joint authorship.

Maurizio's argument misconceives the nature of the state proceedings in this case, however. Maurizio did not assert copyright claims in the state forum. She asserted a contract claim and other state causes of action in state court; and those claims were dismissed because they were preempted by Maurizio's independent federal claims under the Copyright Act. We therefore conclude that Maurizio cannot rely upon this Court's precedent applying the doctrine of equitable tolling in cases where the causes of action asserted in one court belonged in another.

The operative distinction here is between the assertion in state court of (i) federal claims that properly belong in fed-

---

1. Maurizio does not challenge on appeal the district court's rejection of her argument that the Copyright Act's statute of limitations should be tolled under the New York savings statute, N.Y. C.P.L.R. 205. Nevertheless, we agree with the district court's conclusion for substantially the same reasons articulated in Judge McKenna's opinion.

eral court, and (ii) state claims that are defeated under circumstances in which federal claims of similar gravamen might have been viable in federal court. *Compare International Union of Elec., Radio and Mach. Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 238, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (refusing to equitably toll where plaintiff "was not asserting the same statutory claim in a different forum, nor giving notice to respondent of that statutory claim, but was asserting an independent claim based on a contract right"), *with Burnett v. New York Cent. R. Co.,* 380 U.S. 424, 434–35, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (holding "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit").

We need not consider whether any equitable principle would have been implicated if adversary counsel in the state litigation had appreciated the preemption issue prior to the running of the statute of limitations and for tactical reasons failed to raise it until after the statute had run. In this case, Goldsmith's lawyer argued from the outset that Maurizio's state law claims were preempted by the Copyright Act, and that the dispute belonged in federal court. There was therefore no attempt by adversary counsel to render Maurizio complacent in the wrong forum until the statute of limitations for her federal claims expired.

Maurizio also argues on appeal that the district court erred in ruling that the outline was jointly authored and, as such, could not provide a basis for the claim of infringement that is expected to go to trial. Maurizio argues that if this Court determines (as we do) that the Copyright Act's statute of limitations bars her joint authorship claim, she should be able to pursue infringement claims at trial based on the outline as well as the draft chapters. However, the Rule 54(b) certification of claim two does not encompass the propriety of the district judge's ruling limiting Maurizio's claims at trial; we therefore lack jurisdiction to decide this question. Having held that Maurizio's joint authorship claim is time-barred, the district court is free to reevaluate its ruling concerning what claims Maurizio may pursue at trial. If the district court determines that Maurizio's infringement claim is nevertheless limited to the draft chapters, Maurizio is free to appeal that ruling after entry of a final judgment on such claims.

**B.** *New York General Business Law Claims*

■ Maurizio argues on appeal that the district court erred in concluding that Sections 349 and 350 of New York General Business Law do not apply to her transaction with Goldsmith. We agree with the district court that Goldsmith's alleged conduct does not implicate the New York consumer protection provisions.

The New York Court of Appeals clarified the scope of N.Y. Gen. Bus. Law § 349 in *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995). To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result. *See id.* at 25, 623 N.Y.S.2d 529, 647 N.E.2d 741. As the court noted, "[p]rivate contract disputes, unique to the parties ... would not fall within the ambit of the statute." *Id.* (citing *Genesco Entertainment v. Koch,* 593 F.Supp. 743, 752 (S.D.N.Y.1984) (excluding "single shot transaction[s]" from scope of consumer protection provisions)). In addition, the court defined "deceptive acts" objectively as acts that are "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* at 26, 623 N.Y.S.2d 529, 647 N.E.2d 741.

This Court has applied this interpretation of Section 349. *See S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.*, 84 F.3d 629, 636 (2d Cir.1996) (noting claim under Section 349 "requires a finding of conduct that is consumer-oriented" (internal quotation marks and citation omitted) and that would mislead a reasonable consumer causing actual injury); *see also Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir.1995) ("It is clear that 'the gravamen of the complaint must be consumer injury or harm to the public interest.'" (quoting *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F.Supp. 1084, 1089 n. 6 (S.D.N.Y.1988))).

The same interpretation has also been applied to Section 350. *See Galerie Furstenberg v. Coffaro*, 697 F.Supp. 1282, 1291–92 (S.D.N.Y.1988) (denying recovery under Section 350 where plaintiff was not an injured consumer and did not allege injury to public at large); *cf. McDonald v. North Shore Yacht Sales, Inc.*, 134 Misc.2d 910, 513 N.Y.S.2d 590, 593 (1987) ("To establish a cause of action pursuant to [Section 350] a plaintiff is only required to demonstrate that the advertisement was misleading in a material respect and he was injured, while an injured person has been defined as one who was misled or deceived by such an advertisement.").

The deceptive acts alleged by Maurizio fall outside the scope of Sections 349 and 350. Maurizio does not allege that Goldsmith intended to deceive consumers in a material way when she represented herself as the sole author of *The First Wives' Club*, or that Maurizio herself was somehow misled or injured as a result of this deception. The injury Maurizio cites is that she was denied credit and profits from the allegedly joint work-product. This dispute is fairly characterized as private, unique to Maurizio and Goldsmith, and without direct impact on the body of consumers. As such, it does not implicate New York's consumer protection provisions and the district court properly dismissed claims six and seven.

For the foregoing reasons, the judgment of the district court dismissing claims two, six and seven of Maurizio's Complaint is affirmed.