12-1428-cv
*Tasini, et al. v. AOL, Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of December, two thousand and twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JONATHAN TASINI, MOLLY SECOURS, TARA DUBLIN, RICHARD
LAERMER, BILLY ALTMAN, individually and on behalf of all
others similarly situated,

> *Plaintiffs-Appellants*,

> -v.-                                                 No. 12-1428-cv

AOL, INC., THEHUFFINGTONPOST.COM, INC., ARIANNA
HUFFINGTON, KENNETH LERER,

> *Defendants-Appellees*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**          VALERIA CALAFIORE HEALY, Healy LLC, New
                                        York, NY (Jeffrey Mead Kurzon, Kurzon LLP,
                                        New York, NY, *on the brief*).

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANTS-APPELLEES:**    THOMAS G. HENTOFF (David E. Kendall, Jessica L. Pahl, *on the brief*), Williams & Connolly LLP, Washington, DC.

Appeal from a March 30, 2012 judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 30, 2012 judgment of the District Court be **AFFIRMED**.

Plaintiffs Jonathan Tasini, Molly Secours, Tara Dublin, Richard Laermer, and Billy Altman appeal from a judgment of the District Court dismissing their claims against Defendants AOL, Inc., TheHuffingtonPost.com, Arianna Huffington, and Kenneth Lerer (jointly, "The Huffington Post"), pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

The plaintiffs' Amended Complaint contains the following essential factual allegations, which we accept as true for the purposes of this appeal from the District Court's order granting a motion to dismiss. *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 119 (2d Cir. 2011). The Huffington Post is a popular website, which launched as a for-profit enterprise on May 9, 2005. Plaintiffs are online essayists, or "bloggers" in the vernacular, who have provided "content" to The Huffington Post in exchange for exposure for their work. Though The Huffington Post generates revenue through advertising, it has never paid, nor promised to pay, plaintiffs for their submissions in any way other than through the promotion that comes along with having work published on The Huffington Post.

In early 2011, AOL, Inc. ("AOL") purchased The Huffington Post for approximately $315 million. According to plaintiffs, $105 million of that value was created by the content they submitted to The Huffington Post. Plaintiffs brought this suit seeking to recover that value. Plaintiffs alleged two causes of action: (1) unjust enrichment, and (2) deceptive business practice in violation of New York General Business Law ("NYGBL") § 349. On March 30, 2012, the District Court for the Southern District of New York (John G. Koeltl, *Judge*) dismissed the plaintiffs' entire Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs now appeal, arguing both that their claims should not have been dismissed and that they should not have been dismissed with prejudice.

# DISCUSSION

We review a district court's order granting a motion to dismiss under Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We review a district court's decision to dismiss with prejudice for abuse of discretion. *Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 106 (2d Cir. 1998); *see In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." (internal citation and quotation marks omitted)).

## A.      Unjust Enrichment

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). The question on appeal is whether plaintiffs have alleged sufficient facts that, when taken as true, show that "equity and good conscience require restitution." *Id.* Plaintiffs' basic contention is that they were duped into providing free content for The Huffington Post based upon the representation that their work would be used to provide a public service and would not be supplied or sold to "Big Media." Had they known that The Huffington Post would use their efforts not solely in support of liberal causes, but, in fact, to make itself desirable as a merger target for a large media corporation, plaintiffs claim they would never have supplied material for The Huffington Post.

The problem with plaintiffs' argument is that it has no basis in their Amended Complaint. Nowhere in the Amended Complaint do plaintiffs allege that The Huffington Post represented that their work was purely for public service or that The Huffington Post would not subsequently be sold to another company. To the contrary, plaintiffs were perfectly aware that The Huffington Post was a for-profit enterprise, which derived revenues from their submissions through advertising. Perhaps most importantly, at all times prior to the merger when they submitted their work to The Huffington Post, plaintiffs understood that they would receive compensation only in the form of exposure and promotion. Indeed, these arrangements have never changed.

Though it is no doubt a great disappointment to find that The Huffington Post did not live up to the ideals plaintiffs ascribed to it, plaintiffs have made no factual allegations that, if taken as true,

would permit the inference that The Huffington Post deceived the plaintiffs or otherwise received a benefit at the expense of the plaintiffs such that equity and good conscience require restitution. *See Ashland Inc. v. Morgan Stanley & Co., Inc.*, 652 F.3d 333, 339 (2d Cir. 2011) (affirming the dismissal of an unjust enrichment claim where "[t]here [was] little in equity and good conscience that weigh[ed] in favor of" restitution). For this reason, as well as those laid out in the District Court's careful Opinion and Order of March 30, 2012, plaintiffs have failed to allege facts sufficient to state a claim for unjust enrichment.

## B.      Deceptive Business Practice

Plaintiffs next appeal the District Court's order dismissing their claim under NYGBL § 349, which declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law. § 349(a). "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000); *see also Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29, 731 N.E.2d 608, 611 (2000) ("A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act.").

The District Court has amply explained why plaintiffs' Amended Complaint fails to allege facts that, even taken as true, make out the first two elements—that the challenged acts were consumer-oriented or that they were misleading in a material way. Therefore, substantially for the reasons stated in the District Court's clear and comprehensive Opinion and Order of March 30, 2012, Plaintiffs' claim under NYGBL § 349 was properly dismissed.

## C.      Dismissal with Prejudice

Finally, plaintiffs appeal the District Court's order dismissing the Amended Complaint with prejudice. As stated above, we review a district court's order to dismiss with prejudice for abuse of discretion. *Grain Traders*, 160 F.3d at 106. In light of this deferential standard of review, and the fact that plaintiffs already had an opportunity to amend their original Complaint in response to a motion to dismiss, we cannot say that the District Court abused its discretion in dismissing the Amended Complaint with prejudice.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the March 30, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court