NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAYLEE BROWNING; SARAH BASILE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant-Appellee. | No. 19-55078<br><br>D.C. No.<br>8:16-cv-02210-AG-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted April 1, 2020[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and VANDYKE, Circuit Judges.

Plaintiffs brought this putative class action alleging that certain Unilever-owned St. Ives brand facial cleansers caused skin damage due to overly "deep" exfoliation. Surviving a motion for summary judgment requires "probative evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

tending to support the complaint." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) (citation omitted). The district court concluded such evidence was missing from the summary judgment record created by the parties. We review de novo the district court's order granting summary judgment. *California v. Iipay Nation of Santa Ysabel*, 898 F.3d 960, 964 (9th Cir. 2018). We affirm.

The district court reviewed Plaintiffs' evidence and concluded that, while "Plaintiffs offer some factual support that St. Ives disrupts the stratum corneum, the skin's protective barrier," they "haven't shown that the alleged micro-tears themselves are a safety hazard" or differ from the effects of standard exfoliation. *Browning v. Unilever U.S., Inc.*, No. SACV1602210AGKESX, 2018 WL 6615064, at *2–3 (C.D. Cal. Dec. 17, 2018). We agree. Plaintiffs provided no summary judgment evidence linking "micro-tears" caused by Unilever's facial scrubs to any concrete injuries. Dr. Nestor's summary judgment declaration opined only that an impaired stratum corneum "*can* increase *chances*" of a host of recognized long-term health risks, but he was unable to observe or quantify any of those risks in his two-week study. Moreover, Plaintiffs used the products for years and showed no symptoms of the "dry irritated skin or infections" that Dr. Nestor warned could be caused by micro-tears.

Plaintiffs' failure to present summary judgment evidence linking use of the product to actual injury undermines their fraudulent omission theories. *See Williams*

*v. Yamaha Motor Co.*, 851 F.3d 1015, 1028–29 (9th Cir. 2017) ("[A] party's allegations of an unreasonable safety hazard must describe more than merely 'conjectural and hypothetical' injuries.") (citation omitted); *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 862 (9th Cir. 2018) (alternatively, a party must show "physical defects that affect the central function" of the product). Similarly, Plaintiffs' failure to show actual injury undermines their other claims under California and New York law. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958–60 (9th Cir. 2009) (requiring proof of injury and causation under California implied warranty and unfair competition laws); *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (requiring the same under Sections 349 and 350 of New York General Business Law).[1]

The gravamen of Plaintiffs' appeal, however, is their argument that the district court erred by not considering on summary judgment supplemental expert evidence later provided in support of their motion for class certification. But a nonmovant's burden at summary judgment is to "identif[y] the evidence establishing a genuine issue of material fact *in its opposition to summary judgment*." *LVRC Holdings LLC*

---

[1] With regard to their claim that "Dermatologist Tested" on the products' label is misleading, Plaintiffs admitted that the statement is factually true, and the district court did not err in concluding that, under California's Consumer Legal Remedies Act, neither the statement nor the alleged omission of harm was likely to mislead as no substantiated safety hazard was concealed from purchasers. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1143 (9th Cir. 2012).

*v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (emphasis added) (citation omitted); *see also* Fed. R. Civ. P. 56; C.D. Cal. R. 56-3. Plaintiffs did not do that here.[2]

Plaintiffs alternatively contend that the district court erred in only partially granting their motion for a continuance to pursue further discovery under Federal Rule of Civil Procedure 56(d). We review a district court's case management decisions for abuse of discretion. *See O'Neill v. United States*, 50 F.3d 677, 687–88 (9th Cir. 1995). The district court ultimately allowed a three-month continuance. There was no abuse of discretion in denying Plaintiffs' request for additional time. *See Stitt v. Williams*, 919 F.2d 516, 525–26 (9th Cir. 1990) (affirming the denial of Rule 56(d) and Rule 56(f) motions where the movant had adequate opportunity to conduct discovery but still could not produce summary judgment evidence to support its claims).

AFFIRMED.

---

[2] Far from being reversable error, resolving dispositive motions before turning to class certification, as the district court did here, is typically the "the proper course to follow." *Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1085 (9th Cir. 2016) (quoting *Boyle v. Madigan,* 492 F.2d 1180, 1182 (9th Cir. 1974)).