*Belinda Housey v. Proctor & Gamble Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

BELINDA HOUSEY, on behalf of herself and all others similarly situated,

> *Plaintiff-Appellant*,

> v.                                                           22-888

PROCTOR & GAMBLE COMPANY,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          MICHAEL R. REESE (George V. Granade, *on the brief*), Reese LLP, New York, NY & Los Angeles, CA.

Kevin Laukaitis, *on the brief*, Shub Law Firm LLC, Haddonfield, NJ.

1

For Defendant-Appellee:                    DAVID M. ZIONTS (Henry Liu, Andrew Soukup, Dillon H. Grimm, Alyssa Vallar, *on the brief*), Covington & Burling LLP, Washington, DC.

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Belinda Housey ("Housey") appeals from a judgment of the U.S. District Court for the Southern District of New York (Buchwald, *J.*) granting a motion by Defendant-Appellee Proctor & Gamble Company ("P&G") to dismiss Housey's First Amended Class Action Complaint ("the complaint"). Housey's putative consumer class action asserts claims for violation of state consumer fraud laws, including, as relevant here, the New York Deceptive Trade Practices Act, N.Y. Gen. Bus. Law §§ 349 and 350, breach of express warranties, and misrepresentation or fraud in connection with P&G's line of Crest toothpastes containing charcoal. For the reasons set forth below, we affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

We review de novo a dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted). The pleading standard is well established. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Housey claims that P&G materially misrepresented the benefits of its toothpastes containing charcoal. As a general matter, to plead the claims in her putative class action complaint properly, Housey was required plausibly to allege that P&G's representations regarding its charcoal toothpastes were misleading or deceptive and that she personally suffered an injury as a result. Section 349 of the New York General Business Law, for instance, provides a cause of action for any person injured by "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 349(a), (h). "'Deceptive acts' are acts that are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)). "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Id.* (quoting *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). "Section 350 of the GBL prohibits '[f]alse advertising in the conduct of any business, trade or commerce,' and is analyzed under the same 'reasonable consumer' standard as Section 349." *Id.* (quoting *Maurizio*, 230 F.3d at 521).[1]

---

[1] Similarly, "[t]o state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015).

Here, the district court properly focused on the product that Housey allegedly purchased, the 3D White Charcoal Toothpaste. In addition, given Housey's representation that she did not view the Crest website before buying the product, the court properly limited its analysis to the packaging of the 3D White Charcoal Toothpaste at the time of Housey's alleged purchase. Consequently, Housey was required to plead adequately, *inter alia*, that the "enamel safe whitening" claim which appears on the 3D White Charcoal Toothpaste packaging was deceptive and likely to mislead a reasonable consumer, and that she was injured as a result.[2] App'x at 20. For the reasons set forth here, we conclude that she failed to do so.

As a preliminary matter, the Court may consider "statements or documents incorporated into the complaint by reference." *Tongue*, 816 F.3d at 209 (citation omitted); *see also Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 n.3 (2d Cir. 2022) ("A document that is integral to the complaint and partially quoted therein may be incorporated by reference in full."). Further, "[w]here a document is referenced in a complaint, the documents control" and the Court "need not accept as true the allegations" in the complaint that are inconsistent with these documents. *Tongue*, 816 F.3d at 206 n.6 (citation and internal quotation marks omitted).

Housey's complaint relies principally on several articles that she asserts raise some inference that charcoal may be harmful to tooth enamel. But even assuming *arguendo* that these articles support such an inference, the district court did not err in concluding that Housey's complaint fails plausibly to allege that the 3D White Charcoal Toothpaste contains sufficient

---

[2] For her express warranty claim under section 2-313 of the New York Uniform Commercial Code ("N.Y.U.C.C."), Housey was required plausibly to plead that the "enamel safe whitening" claim constituted an express warranty, which, as relevant here, is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain" or "[a]ny description of the goods which is made part of the basis of the bargain," N.Y. U.C.C. Law § 2–313(1)(a)– (b) (McKinney 2001), that she relied upon this warranty as a basis for the contract, and that it was breached, causing her injury. *See Rogath v. Siebenmann*, 129 F.3d 261, 264–67 (2d Cir. 1997).

charcoal content so as to render the toothpaste harmful and incapable of "enamel safe whitening." The articles do not suggest that the Crest toothpaste or any similar charcoal toothpaste has actually caused harm to any consumers who have used the products, or that such toothpastes cannot safely whiten teeth. Because Housey did not plausibly allege that the "enamel safe whitening" claim on the 3D White Charcoal Toothpaste packaging was deceptive or likely to mislead a reasonable consumer, she cannot prevail on any of her claims.[3]

Finally, we conclude that the district court acted within its discretion in denying Housey's request for leave to amend her already once-amended complaint. We review "a district court's decision to permit or deny leave to amend a complaint for abuse of discretion." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). "Leave to amend may properly be denied if the amendment would be futile . . . ." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012); *see also In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011) ("[I]t is within the district court's discretion to deny leave to amend implicitly by not addressing requests for amendment made informally in a brief filed in opposition to a motion to dismiss." (citation, internal quotation marks, and alterations omitted)). Housey has not sufficiently shown that her proposed amendments would be able to cure the defects identified by the district court.

\*     \*     \*

---

[3] Because the complaint is insufficient to plausibly allege a deceptive act, we need not reach Housey's procedural objections to the district court's resolution of P&G's motion to dismiss.

5

We have considered Housey's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
