*Richardson v. Edgewell Pers. Care, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*
> JESSICA G. L. CLARKE,
> *District Judge.*[*]

_____

Sherise Richardson, individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant*,

> v.                                                          23-128

Edgewell Personal Care, LLC,

> *Defendant-Appellee.*

_____

---

[*] Judge Jessica G. L. Clarke, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:** GLENN A. DANAS, Clarkson Law Firm, P.C., Malibu, CA (Neal J. Deckant and Brittany S. Scott, Bursor & Fisher, P.A., Walnut Creek, CA, and Timothy J. Peter, Faruqi & Faruqi, LLP, Philadelphia, PA, *on the brief*)

**FOR DEFENDANT-APPELLEE:** THOMAS H. DAVIS, Stinson LLP, Kansas City, MO (Megan McCurdy, Courtney J. Harrison, and Logan T. Fancher, Stinson LLP, Kansas City, MO, and Kieran M. Corcoran, Stinson LLP, New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

Plaintiff Sherise Richardson brought claims under New York General Business Law ("NYGBL") §§ 349 and 350 on behalf of a putative New York subclass, and a breach of express warranty claim on behalf of a putative nationwide class. She alleges that Defendant Edgewell Personal Care, LLC engaged in false advertising and deceptive behavior by labeling its sunscreen products as "Reef Friendly*" on the front label and "*No Oxybenzone or Octinoxate" or "*Hawaii Compliant: No Oxybenzone or Octinoxate" on the back label, even though the products contain other reef-harming ingredients. She also alleges that the "Reef Friendly*" label amounts to an express warranty. We assume the parties' familiarity with the underlying facts, the procedural

2

history of the case, and the issues on appeal.

**I.  Standard of Review**

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (internal quotation marks and citation omitted). "[W]e accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Id*. (alteration in original).

**II.  NYGBL Claims**

NYGBL § 349 prohibits "[d]eceptive acts or practices" and NYGBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade, or commerce" in New York. To state a claim under NYGBL §§ 349 and 350, a plaintiff must allege that "'(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). Moreover, a plaintiff must plausibly allege that "deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Id.* at 742. "We therefore consider the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018). "[P]laintiffs must do more than plausibly allege that a

3

label might conceivably be misunderstood by some few consumers." *Jessani v. Monini North America, Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (internal quotation marks and citation omitted). Instead, "[p]laintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

The district court concluded that Richardson did not plausibly allege that Edgewell's "Reef Friendly*" representation on the front label of its sunscreen products was materially misleading under NYGBL §§ 349 and 350. We disagree. First, the "Reef Friendly*" front label could plausibly mislead a reasonable consumer into thinking the products contain no reef-harming ingredients. Second, the back-label disclaimer, "*No Oxybenzone or Octinoxate" or "*Hawaii Compliant: No Oxybenzone or Octinoxate," is incomplete because it makes no mention of the four other reef-harming ingredients found in the products. Taking the "Reef Friendly*" and "*No Oxybenzone or Octinoxate" or "*Hawaii Compliant: No Oxybenzone or Octinoxate" labels together, a reasonable consumer could conclude that the only substances known to harm reefs are those listed in the back-label disclaimer. Such a disclaimer cannot be seen as "clarifying language" that may "defeat a claim of deception." *Fink*, 714 F.3d at 742. Third, as in *Mantikas*, Richardson is not expected to "look beyond misleading representations" on the front label "to discover the truth from the ingredient list" that the product contains reef-harming ingredients. 910 F.3d at 637. Even if she were, a reasonable consumer cannot be expected to know the universe of chemicals harmful to coral reefs such that she could discern from an ingredient list describing the product's contents in scientific terminology whether a product is in fact "Reef Friendly." Richardson plausibly alleges that she reasonably believed the "Reef Friendly*" statement on the front label meant that the product was not harmful to reefs and that she was misled by that

4

statement. We thus disagree with the district court's conclusion that no reasonable consumer could be misled by the labelling as a matter of law. Whether Richardson's allegations can be proved is a question to be determined on summary judgment or at trial.

**III.   Breach of Express Warranty**

The same analysis applies to Richardson's express warranty claim. Express warranties are created as follows:

> "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

N.Y. U.C.C. § 2-313(1)(a)-(b).

"It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty." *Id*. § 2-313(2). "'New York breach of express warranty claims require [i] a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach.'" *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244 (S.D.N.Y. 2020) (alteration in original) (emphases omitted) (quoting *Brady v. Basic Rsch., L.L.C.*, 101 F. Supp. 3d 217, 235 (E.D.N.Y. 2015)).

The district court's conclusion that Richardson did not plausibly allege that Edgewell's "Reef Friendly*" label amounted to an express warranty was incorrect. Claims for deception and breach of express warranty both depend on what a reasonable consumer would believe, so allegations sufficient to plead one generally suffice to plead the other. *See Cooper v. Anheuser-*

5

*Busch, LLC*, 553 F. Supp. 3d 83, 111 (S.D.N.Y. 2021) (concluding that whether a plaintiff's interpretation of a label "was erroneous or reflected a promise made by [the] [d]efendant necessarily depends on what a reasonable consumer would believe" (internal quotation marks and citation omitted)); *Ault v. J.M. Smucker Co.*, No. 13-CV-3409, 2014 WL 1998235, at \*6 (S.D.N.Y. May 15, 2014) (noting that plaintiff's breach of express warranty claim, based on the defendant's labeling of its product as "All Natural," turned on "what a reasonable consumer's interpretation might be"). Moreover, "[g]eneralized statements by the defendant . . . do not support an express warranty claim if they are such that a reasonable consumer would not interpret the statement as a factual claim upon which he or she could rely," but what is considered "vague" or "generalized" in the context we are presented with here is a question of fact that should not be decided at the motion to dismiss stage. *See Ault*, 2014 WL 1998235, at \*6 ("[W]hat a reasonable consumer's interpretation might be is a matter of fact which is not appropriate for decision on a motion to dismiss."). Thus, the district court erred in dismissing Richardson's breach of express warranty claim.

\* \* \*

For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6