23-285-cv
*Foster v. Whole Foods*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-three.

Present:
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

JULIAN FOSTER, individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant,*

> v.                                                            23-285-cv

WHOLE FOODS MARKET GROUP, INC.,

> *Defendant-Appellee.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | ROBERT ABIRI, Custodio & Dubey LLP, Los Angeles, California. |
| For Defendant-Appellee: | BRIAN R. BLACKMAN, Blaxter Blackman LLP, San Francisco, California. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Julian Foster appeals from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *District Judge*), entered on February 3, 2023, dismissing his false advertising claims against Defendant-Appellee Whole Foods Market Group, Inc. ("Whole Foods"). Foster asserted claims under Sections 349 and 350 of New York General Business Law, and for breach of express warranty and unjust enrichment. Each claim centers on Foster's allegation that the labeling for Whole Foods' fish oil dietary supplement (the "Fish Oil Product") was false and deceptive, specifically that the Fish Oil Product's front label misleadingly indicated that the product contains 1000mg of Omega-3s EPA and DHA per serving (one capsule), whereas each capsule actually contains only 300mg of Omega-3s. The district court dismissed the complaint for failure to state a claim. We assume the parties' familiarity with the case.

We review a district court's judgment granting a motion to dismiss *de novo*. *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). "In reviewing the sufficiency of a complaint, we accept only its factual allegations, and the reasonable inferences that can be drawn therefrom, as true." *Id.*[1] This requirement, however, is inapplicable to legal conclusions. *See Vaughn v. Phoenix H.*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

2

*New York Inc.*, 957 F.3d 141, 145 (2d Cir. 2020). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This standard of facial plausibility depends on a host of considerations, including "the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

## I.  Dismissal

General Business Law ("GBL") § 349 states that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful." N.Y. Gen. Bus. Law § 349(a). Similarly, GBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." *Id.* § 350. "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). Deceptive acts are "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* The same holds true for liability under § 350. *Id.* at 522.

Here, we conclude that the allegations stated in Foster's complaint lack sufficient facial

3

plausibility to withstand a motion to dismiss because the complaint does not adequately allege that the Fish Oil Product's labeling was likely to mislead a reasonable consumer. On the front label of the bottle, directly in the middle, "Fish Oil" is listed, in large white typeface. Immediately above, in slightly smaller but prominent typeface, is the description "100% Wild-Caught." And, immediately below, the front label contains, on separate lines, the following four representations listed consecutively, one under the other, in small grey typeface: (1) "Omega-3s EPA & DHA"; (2) "1000mg Per Serving"; (3) "From Small Cold-Water Fish"; and (4) "Molecularly Distilled." Foster argues that a reasonable consumer would read the first two of the small lines—"Omega-3s EPA & DHA" and "1000mg Per Serving"—as a single unit, with 1000mg specifying the quantity of Omega-3s, while reading the last two lines as separate statements. But the complaint does not sufficiently allege that a reasonable consumer would read the second line—1000mg Per Serving— in conjunction with the first (and only the first) of the four subsidiary lines, rather than reading each of the four small lines to independently describe the principal large-type banner, "Fish-Oil." Put another way, Foster's complaint does not adequately allege that the front label would likely mislead a reasonable consumer.

We have acknowledged that, when ambiguity might exist related to certain representations on a product's label, context can be crucial in determining whether a reasonable consumer would have been misled or deceived as "under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Fink*, 714 F.3d at 742. Here, the complaint fails to plausibly allege that the Fish Oil Product's front label, viewed as a whole, was likely to mislead a reasonable consumer. Further, the back labeling clearly and accurately states

4

to consumers the supplement facts per serving—namely, that there are 1000mg of Fish Oil, including 300mg of Omega-3s EPA and DHA, per serving. Given the complaint's failure to explain that the front label was likely to mislead a reasonable consumer, and the clearly accurate information on the back of the label, the district court did not err in dismissing the complaint.

Foster's invocation of *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), does not alter our conclusion. He argues that *Mantikas* rejected the proposition that if the front labeling of a product is ambiguous, additional clarification on the back can render the front labeling not deceptive. That is not what *Mantikas* held. In *Mantikas*, we determined that contextual information on the reverse of the product's packaging could not overcome clearly inaccurate factual representations on the front labeling. *Id.* at 638–39. But the case before us does not involve an affirmatively inaccurate statement. Even assuming that the representation on the front label might be considered ambiguous, the additional information on the Fish Oil Product's back label provides clarifying language that definitively dispels any arguable ambiguity on the front. In short, the district court properly dismissed the complaint.

## II. Leave to Amend

Foster also challenges the district court's denial of his request for leave to amend the complaint. The district court concluded that amending the pleading would be futile because the pleading deficiencies were unlikely to be cured. "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Here, Foster did not submit a proposed

5

amended complaint at all, never mind one containing allegations that would remedy the insufficiency of the original complaint. Nor do the proposed allegations he belatedly offers in his reply brief suffice. Appellant's Reply Br. at 24.   We therefore affirm the district court's denial of his request to further amend the complaint and its decision to grant the motion to dismiss with prejudice.   *See, e.g.*, *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) (denying leave to amend where "plaintiffs have identified no additional facts or legal theories they might assert if given leave to amend").

We have considered Foster's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court