23-1236
*Venticinque v. Back to Nature Foods Company, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> BETH ROBINSON,
> *Circuit Judges*.

─────────────────────────────────────

GRACEMARIE VENTICINQUE, individually and
on behalf of a class of similarly situated persons,

> *Plaintiff-Appellant*,

v.                                                           23-1236-cv

BACK TO NATURE FOODS COMPANY, LLC,

> *Defendant-Appellee*.

─────────────────────────────────────

For Plaintiff-Appellant:          MICHAEL R. REESE (Lisa S. Mankofsky, Center for Science in the Public Interest, Washington, D.C.; Kenneth D. Quat, Quat Law Offices, Framingham, M.A., *on the brief*), Reese LLP, New York, NY.

1

For Defendant-Appellee:  MATTHEW BORDEN (Jonathan G. Kortmansky, Garrett M. Biederman, BraunHagey & Borden LLP, New York, NY; J. Noah Hagey, David H. Kwasniewski, BraunHagey & Borden LLP, San Francisco, CA, *on the brief*), BraunHagey & Borden LLP, San Francisco, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this summary order.

Plaintiff-Appellant Gracemarie Venticinque ("Plaintiff"), individually and on behalf of a putative class, appeals from an August 8, 2023 judgment of the United States District Court for the Southern District of New York (Caproni, *J.*) dismissing her claims against Defendant-Appellee Back to Nature Foods Company, LLC ("Defendant"). Plaintiff alleges that the label of Defendant's "Stoneground Wheat Crackers" is "deceptive" and "misleading," in violation of New York General Business Law ("NYGBL") §§ 349 and 350. Compl. ¶¶ 32, 35, 42. Specifically, the complaint alleges that the words "ORGANIC WHOLE WHEAT FLOUR" on the product's front label misleadingly represent that the predominant flour in the crackers is organic whole wheat flour, when in fact it is organic unbleached enriched wheat flour**.** The district court dismissed the complaint for failure to state a claim and denied Plaintiff leave to amend her complaint on futility grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only insofar as necessary to explain our decision to **VACATE** and **REMAND**.

\* \* \*

We review *de novo* the district court's grant of a motion to dismiss pursuant to Rule

12(b)(6). *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018). At the motion to dismiss stage, we accept as true the factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

NYGBL Section 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful." N.Y. Gen. Bus. Law § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." *Id.* § 350. To state a claim under either section, a plaintiff must allege that "'(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). "[A] plaintiff must plausibly allege that the deceptive conduct was 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Mantikas*, 910 F.3d at 636 (quoting *Fink*, 714 F.3d at 741). "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Fink*, 714 F.3d at 742. Therefore, this Court "consider[s] the challenged advertisement as a whole." *Mantikas*, 910 F.3d at 636.

The district court dismissed the complaint, concluding that Plaintiff failed to plead adequately that a reasonable consumer would be misled by the Stoneground Wheat Crackers label. *Venticinque v. Back to Nat. Foods Co., LLC*, No. 22-CV-7497 (VEC), 2023 WL 5055034, at *3 (S.D.N.Y. Aug. 8, 2023). We disagree.

This Court's opinion in *Mantikas* controls.  *See generally Mantikas*, 910 F.3d 633.  In *Mantikas*, Plaintiffs appealed the dismissal of claims brought under, *inter alia*, NYGBL §§ 349(a) and 350, alleging that the words "whole grain" or "made with whole grain" on the front label of certain Cheez-It crackers boxes misrepresented that whole grain was the predominant type of grain in the product.  *Id.* at 634.  Instead, the primary ingredient was "enriched white flour" -- "whole wheat flour" fell either second or third.  *Id.* at 634–35.  Vacating the district court's judgment, this Court concluded that it was plausible that a reasonable consumer would understand the label's "large, bold-faced claims of 'WHOLE GRAIN'" to communicate that whole grain comprised the predominant grain in the crackers.  *Id*. at 637.  Although rotating the box to display the Nutrition Facts panel and ingredient list would reveal the list of ingredients in order of predominance, we held that "a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box.'"  *Id.*  Confronted now with a strikingly similar claim regarding a cracker box's front label representation of the product's predominant flour or grain, *Mantikas* dictates the outcome.

Defendant argues that the front label here is, at best, ambiguous as to the predominance of whole wheat in the product and that, in such a circumstance, any ambiguity can be clarified with reference to the side label.  But here, as in *Mantikas*, Plaintiff has plausibly alleged that a reasonable consumer would read the words "ORGANIC WHOLE WHEAT FLOUR" on the front of the box and conclude that whole wheat flour is the predominant type of flour in the crackers.  *See id.* at 636.  We explained in *Mantikas*:

> [R]easonable consumers are likely to understand that crackers are typically made predominantly of grain. They look to the bold assertions on the packaging to discern what *type* of grain. The representation that a cracker is "made with whole grain" would thus plausibly lead a reasonable consumer to conclude that the grain ingredient was entirely, or at least predominately, whole grain. That same

consumer, confronted with the claim that a cracker is "made with real vegetables," likely would not likely conclude that the cracker was made predominantly of vegetables.

*Id.* at 638. As in *Mantikas*, the front of the package is not merely ambiguous, but arguably falsely implies that a prominently-mentioned ingredient—one "that obviously was . . . the products' primary ingredient"—predominates. *Id.* We conclude that Plaintiff has pleaded sufficient factual allegations to state a plausible claim under NYGBL Sections 349(a) and 350 at this stage.

The district court did not reach Defendant's argument that Plaintiff's claims are preempted by federal law, and we decline to address this argument in the first instance on appeal. *See Mantikas*, 910 F.3d at 639 n.2 (declining to address Defendant's preemption argument in the first instance on appeal); *Dardana Ltd. v. Yuganskneftegaz,* 317 F.3d 202, 208 (2d Cir. 2003) ("It is this Court's usual practice to allow the district court to address arguments in the first instance."). Accordingly, we determine simply that the district court erred in dismissing Plaintiff's claims pursuant to Rule 12(b)(6). We leave it to the district court, in the first instance, to address Defendant's preemption claim.

\* \* \*

We have considered Defendant's remaining arguments and conclude that they lack merit. We therefore **VACATE** the district court's judgment and **REMAND** for further proceedings consistent with this summary order. Plaintiff's pending motion to take judicial notice of certain agency publications is **DENIED AS MOOT**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court